# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:85cv300

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CONNIE L. JAMERSON, ) | **ORDER OF CONTINUING** |
| ) | **GARNISHMENT** |
| Defendant, ) | |
| and ) | |
| ) | |
| COMPASS TWO LLC, ) | |
| ) | |
| Garnishee. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Answer of the Garnishee GWP Inc. [Doc. 14] and the Government's proposed Order of Continuing Garnishment.

On September 23, 1985, the United States obtained a judgment against Defendant Connie L. Jamerson ("Defendant Jamerson") and her co-defendant Norman P. Jamerson. [Judgment, Doc. 1-1]. The United States' judgment lien was renewed on August 26, 2005. [Order, Doc. 1-2].

The United States subsequently sought to garnish Defendant Jamerson's wages. [Doc. 4]. On May 19, 2010, the Court entered a Writ of Continuing Garnishment to the Compass Two LLC. [Writ, Doc. 8]. On May 25, 2010, Defendant Jamerson, her co-defendant Norman P. Jamerson, and the Garnishee were served with the Writ of Continuing Garnishment. [Certificate of Service, Doc. 10]. No answer has been filed by Defendant Jamerson or her co-defendant Norman P. Jamerson.

The Garnishee filed an Answer[1] on June 24, 2010, indicating that the Defendant was in the employ of the Garnishee. The Defendant's net wages, however, were listed as zero and the Garnishee further denied having custody, control or possession of any property owned by the Defendant or owing the Defendant any future wages. [Doc. 14].[2]

As the Answer filed by the Garnishee fails to establish that the Garnishee has within its custody, control or possession any property or funds owned by the Defendant, the Court declines to enter the

---

[1] As originally filed, the Answer appeared to have one page missing. [See Doc. 13]. On August 17, 2010, the Answer was refiled with the missing page inserted. [See Doc. 14].

[2] The United States has communicated to the Court informally that the Garnishee has informed the United States that Defendant Jamerson is employed through the school system and receives limited to no wages during the summer months, but that the Garnishee does anticipate owing the Defendant wages in the future. None of this information, however, is reflected in the Answer of the Garnishee.

Government's proposed Order of Continuing Garnishment at this time. The Government will be given a period of thirty (30) days in which to file additional evidence to support its request for an Order of Continuing Garnishment.

**IT IS, THEREFORE, ORDERED** that the Government shall have a period of thirty (30) days from the entry of this Order in which to file additional evidence to support its request for an Order of Continuing Garnishment in this matter.

**IT IS SO ORDERED.**

Signed: August 26, 2010

Martin Reidinger
United States District Judge