IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:85cv300

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NORMAN P. JAMERSON, | ) | **ORDER OF CONTINUING** |
| | ) | **GARNISHMENT** |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GWP INC., | ) | |
| | ) | |
| Garnishee. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Answer of the Garnishee GWP Inc. [Doc. 12].

On September 23, 1985, the United States obtained a judgment against Defendant Norman P. Jamerson ("Defendant Jamerson") and his co-defendant Connie L. Jamerson. [Judgment, Doc. 1-1]. The United States' judgment lien was renewed on August 26, 2005. [Order, Doc. 1-2].

The United States subsequently sought to garnish Defendant Jamerson's wages. [Doc. 2]. On May 19, 2010, the Court entered a Writ of Continuing Garnishment to the Garnishee GWP Inc. [Writ, Doc. 9]. The

United States is entitled to a wage garnishment of up to 25% of Defendant Jamerson's net income and has satisfied the prerequisites set forth in 15 U.S.C. § 1673.

On May 25, 2010, Defendant Jamerson, his co-defendant Connie L. Jamerson, and the Garnishee were served with the Writ of Continuing Garnishment. [Certificate of Service, Doc. 11]. No answer has been filed by Defendant Jamerson or his co-defendant Connie L. Jamerson.

The Garnishee filed an Answer on June 3, 2010, stating that at the time of the service of the Writ, the Garnishee had in its custody, control or possession property or funds owned by the Defendant, including non-exempt, disposable earnings.

**IT IS, THEREFORE, ORDERED** that an Order of Continuing Garnishment is hereby **ENTERED** in the current total amount of $34,481.81, which includes the principal amount of $32,824.38 and interest at the rate of 7.91% and in the amount of $1,657.43 computed through May 14, 2010. The Garnishee will pay the United States up to 25% of Defendant Jamerson's net earnings which remain after all deductions required by law have been withheld and 100% of all 1099 payments, and the Garnishee will continue said payments until the debt to the Plaintiff is

paid in full or until the Garnishee no longer has custody, possession or control of any property belonging to Defendant Jamerson or until further Order of this Court.

Payments should be made payable to the United States Department of Justice and mailed to the following address: Wells Fargo, QLP Lockbox D 1113-022, Lockbox# 70932, 1525 West WT Harris Boulevard, Charlotte, NC 28262. In order to ensure that each payment is credited properly, the following should be included on each check: Norman P. Jamerson, USDC# DNCW1:85CV300.

The Plaintiff will submit this debt to the Treasury for inclusion in the Treasury Offset Program. Under this program, any federal payment the Defendant would normally receive may be offset and applied to this debt.

**IT IS SO ORDERED.**

Signed: August 26, 2010

Martin Reidinger
United States District Judge