# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:85cv300

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CONNIE L. JAMERSON, ) | <u>ORDER OF CONTINUING</u> |
| ) | <u>GARNISHMENT</u> |
| Defendant, ) | |
| and ) | |
| ) | |
| COMPASS TWO LLC, ) | |
| ) | |
| Garnishee. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Second Answer of the Garnishee [Doc. 17] and the Government's Response to Order and Motion for Order of Continuing Garnishment [Doc. 18].

On September 23, 1985, the United States obtained a judgment against Defendant Connie L. Jamerson ("Defendant Jamerson") and her co-defendant Norman P. Jamerson. [Judgment, Doc. 1-1]. The United States' judgment lien was renewed on August 26, 2005. [Order, Doc. 1-2].

The United States subsequently sought to garnish Defendant Jamerson's wages. [Doc. 4]. On May 19, 2010, the Court entered a Writ of Continuing Garnishment to the Compass Two LLC. [Writ, Doc. 8]. On May 25, 2010, Defendant Jamerson, her co-defendant Norman P. Jamerson, and the Garnishee were served with the Writ of Continuing Garnishment. [Certificate of Service, Doc. 10]. No answer has been filed by Defendant Jamerson or her co-defendant Norman P. Jamerson.

The Garnishee filed an Answer on June 24, 2010, indicating that the Defendant was in the employ of the Garnishee but listing the Defendant's net wages as zero. [Doc. 14]. On August 26, 2010, the Court entered an Order, finding that the Answer failed to establish that the Garnishee had within its custody, control or possession any property or funds owned by the Defendant and giving the Government a period of thirty (30) days in which to file additional evidence to support its request for an Order of Continuing Garnishment. [Doc. 15].

On September 13, 2010, the Garnishee filed a Second Answer, stating that as of August 20, 2010, the Defendant was receiving wages through the school system and that the Garnishee had in its custody,

control or possession property or funds owned by the Defendant, including non-exempt, disposable earnings.

The United States is entitled to wage garnishment of up to 25% of the Defendant's net income and has satisfied the prerequisites set forth in 15 U.S.C. § 1673.

**IT IS, THEREFORE, ORDERED** that an Order of Continuing Garnishment is hereby **ENTERED** in the amount of $34,481.81, computed through May 14, 2010. The Garnishee will pay the United States up to 25% of Defendant Connie L. Jamerson's net earnings which remain after all deductions required by law have been withheld and 100% of all 1099 payments, and the Garnishee will continue said payments until the debt to the United States is paid in full or until the Garnishee no longer has custody, possession or control of any property belonging to Connie L. Jamerson or until further Order of this Court.

Payments should be made payable to the United States Department of Justice and mailed to the following address: Wells Fargo, QLP Lockbox D 1113-022, Lockbox #70932, 1525 West WT Harris Boulevard, Charlotte, North Carolina 28262. In order to ensure that each payment is credited

properly, the following should be included on each check: Connie L. Jamerson, USDC #1:85CV300.

The Plaintiff shall submit this debt to the Treasury for inclusion in the Treasury Offset Program. Under this program, any federal payment the Defendant normally would receive may be offset and applied to this debt.

**IT IS SO ORDERED.**

Signed: September 15, 2010

Martin Reidinger
United States District Judge